**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
ESSEX INSURANCE COMPANY,        )
                                )
        Plaintiffs,             )
                                )
        v.                      )   Case No. 1:04-CV-1460(GK)
                                )
JOHN DOE, A MINOR, THROUGH HIS  )
NEXT FRIEND, BOB DOE            )
                                )
        Defendant.              )
_____ )
```

### MEMORANDUM OPINION

This insurance litigation arose out of events that took place at a facility operated by Associates for Renewal in Education, Inc. ("A.R.E."), who Defendant John Doe ("Doe") sued for improper supervision at the facility. A.R.E. settled the claims against it, and assigned to Doe its rights under a liability policy with Plaintiff Essex Insurance Company ("Essex"). Essex Ins. Co. v. Associates for Renewal in Educ., Inc., No. 04-1460, WL 2521231, at *1-2 (D.D.C. Aug. 30, 2006) ("Essex I"). On August 30, 2006, this Court entered a judgment in the case, denying Doe's Motion for Partial Summary Judgment, and granting in part and denying in part Essex's Amended Motion for Summary Judgment. Id. at *9. Doe challenged that decision, which the Court of Appeals then affirmed in part and reversed in part. Essex Ins. Co. v. Doe, 511 F.3d 198, 202 (D.C. Cir. 2008) ("Essex II"). On February 29, 2008, parties both submitted Status Reports pursuant to the Court's January 4, 2008 Order, addressing the only question remaining in this case:

how the final judgment in favor of Doe should be computed.

In its opinion, the Court of Appeals held that "Doe is entitled to recover from Essex $300,000 minus the investigation and defense costs that Essex incurred with respect to Doe's case against A.R.E." Essex II, 511 F.3d at 202.  For the following reasons, this Court deems it appropriate to enter final judgment in Doe's favor for $197,140.[1]

The Court of Appeals considered two issues: 1) the number of claims that Doe brought under the policy when it made one demand for compensation based on four instances of sexual assault; 2) whether the policy's coverage limit must be reduced by the amount that Essex expended on investigation and defense of the case. Essex II, 511 F.3d at 199-200.  In holding that each occurrence of sexual abuse did indeed represent a distinct claim under the policy, the Court of Appeals grounded its decision in case law that has developed around the term "claim," as well as analysis of the term in the contract.  Id. at 200.  Further, the opinion invoked "black-letter contract principles" in support of the holding that "Essex may reduce its coverage by the amount Essex spent on investigation and defense."  Id. at 202.

---

[1] Parties agree that Essex spent $102,860 on defense costs in the litigation between Doe and A.R.E.  See Plaintiff's Status Report at 1; Defendant's Status Report at 1 (accepting Essex's calculation assuming that it can be substantiated). Subtracting this amount from the $300,000 that the Court of Appeals ordered Essex to pay to Doe, the Court arrives at the final judgment amount of $197,140.

Thus, there is no question that Doe is due payment from Essex and, as the Court of Appeals clearly held, "Doe is entitled to recover from Essex $300,000 minus the investigation and defense costs that Essex incurred with respect to Doe's case against A.R.E." Id.

Nevertheless, Essex makes various arguments attempting to avoid paying further damages to Doe by maintaining that several issues remain ripe for decision.  First, Essex contests the validity of the settlement and consent judgment entered into by A.R.E. and Doe for a variety of reasons. See Plaintiff's Status Report at 2.  Second, Essex argues that this Court should address the validity of A.R.E.'s assignment of rights to Doe because the assignment violated the express terms of a "no assignment" provision in the policy. Id.  Lastly, Essex argues that this Court has yet to address whether or not the necessary number of separate "claims" have actually been proven so as to satisfy the requisite burden in this case and thereby trigger payment of the policy's coverage limit. Id. at 3.

All of these arguments seem to ignore the straightforward point that the Court of Appeals directed this Court to calculate the exact amount of the judgment by determining the investigation and defense costs, and subtracting them from the $300,000 payment. The Court of Appeals did not remand for any other purpose, nor did it give instructions to this Court to do anything other than the

calculation just described.  This Court will do only what the Court of Appeals has ordered it to do.

Moreover, on the merits of whether Essex's arguments should even be addressed at this late point, the insurer is wrong.  Essex could certainly have foreseen the possibility of losing its appeal in the manner that it did, and therefore should have taken a cross-appeal.  See Northwestern Indiana Tel. Co. v. Federal Communications Comm'n, 872 F.2d 465, 470 (D.C. Cir. 1989); see also Blum v. Bacon, 457 U.S. 132, 137 n.5 (1982).  Such a procedure is an appropriate and well-recognized protective measure. Hartman v. Duffey, 19 F.3d 1459, 1465-66 (D.C. Cir. 1994) ("A party who fully prevailed in the district court may have an equally obvious justification for cross-appeal, to protect interests that otherwise might be adversely affected by disposition of the appeal. Courts readily understand this principle, and have applied it without difficulty, permitting the cross-appeals but deciding them only if disposition of the appeal makes it appropriate.") (quoting 15A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3902 p. 78 (2d ed. 1992)).[2]  Failure to do so precludes Essex from raising these claims now.

For the foregoing reasons, the Court concludes that Essex

---

[2] While it is true that the Hartman Court eventually permitted the agency to cross-appeal, it did so because of factors unique to that case, see 19 F.3d at 1466-67, and did not in any way reject the principle cited above.

shall transfer to Doe's Trust $300,000 minus the $102,860 used in investigation and defense costs--a total of $197,140 .  The transfer shall be made within thirty (30) days of the Order that will issue with this Memorandum Opinion.


January 6, 2009                         /s/
                                        Gladys Kessler
                                        U.S. District Judge



<u>Copies to</u>: attorneys on record via ECF